**RECORD NUMBER: 14-4437**

# United States Court of Appeals
## *for the*
# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**OSWALDO TREJO-CASAS a/k/a ABRAHAM TREJO-MARTINEZ,**

*Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT GREENVILLE**

# OPENING BRIEF OF APPELLANT

**HANNAH R. METCALFE**
**METCALFE & ATKINSON**
**9 Toy Street**
**Greenville, SC 29601**
**(864) 214-2319**
**hmetcalfe@malawfirmsc.com**

*Counsel for Appellant*

CP　COUNSEL PRESS • VA – (800) 275-0668

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES………………………………………………….ii

STATEMENT OF SUBJECT MATTER
AND APPELLATE JURISDICTION…………………………………………1

ISSUES PRESENTED FOR REVIEW…………………………………………..1

STATEMENT OF THE CASE ……………………………………………....1

STATEMENT OF THE FACTS …………………………………………….....3

SUMMARY OF ARGUMENTS  ……………………………………………6

ARGUMENTS   ……………………………………………………………….7

CONCLUSION……………………………………………………………13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anders v. California*,
　386 U.S. 738 (1967)..................................................................................7, 13

*Lafler v. Cooper,*
　132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012).........................................13

*McCoy v. Wisconsin*,
　486 U.S. 429 (1988).................................................................................7

*Padilla v. Kentucky*,
　559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010) ...........12, 13

*Penson v. Ohio*,
　488 U.S. 75 (1988)...................................................................................7

*United States v. Akinsade*,
　686 F.3d 248 (4th Cir. 2012) ...............................................................13

*United States v. Foster*,
　68 F.3d 86, 88 (4th Cir. 1995).............................................................13

*United States v. Good*,
　25 F.3d 218 (4th Cir. 1994)...................................................................8

*United States v. Lambey*,
　974 F.2d 1389 (4th Cir. 1992).............................................................13

*United States v. Martinez*,
　277 F.3d 517 (4th Cir. 2002).................................................................8

*United States v. Olano*,
　597 U.S. 725 (1993)................................................................................8

**STATUTES**

18 U.S.C. § 3231....................................................................................1

18 U.S.C. § 3742....................................................................................1

28 U.S.C. § 1291....................................................................................1

**RULES**

Fed. R. Crim. P. 11 ……………………………………………… *passim*

Fed. R. Crim. P. 11(b)(1) ………………………………………………….8

Fed. R. Crim. P. 11(b)(1)(J) …………………………………………….11

Fed. R. Crim. P. 11(b)(1)(K)……………………………………………….11

Fed. R. Crim. P. 11(b)(2) ………………………………………………..9

Fed. R. Crim. P. 11(b)(3) ………………………………………………..10

Fed. R. Crim. P. 11(c)(1)(B) …………………………………………….10

Fed. R. Crim. P. 11(c)(2)..………………………………………………10, 11

Fed. R. Crim. P. 11(c)(3)(B)……………………………………………..10, 11

# STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This appeal is from a final judgment of conviction in the United States District Court for the District of South Carolina. The basis for subject matter jurisdiction is found in 18 U.S.C. § 3231, and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

# ISSUES PRESENTED FOR REVIEW

After an extensive review of the entire record in this case, Counsel for the Appellant has concluded that there are no meritorious grounds to be raised on Appellant's behalf. This Court must review the entire record in this case to determine whether there are any meritorious issues that counsel has overlooked. Per the Appellant's request, Counsel has identified two issues that would normally be raised on appeal.

I. DID THE DISTRICT COURT FULLY COMPLY WITH THE REQUIREMENTS OF RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE IN ACCEPTING APPELLANT'S GUILTY PLEA?

1

II.   WAS THE APPELLANT DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL WITH REGARD TO HIS RISK OF DEPORTATION?

## STATEMENT OF THE CASE

Mr. Oswaldo Trejo-Casas (hereinafter "Appellant" or "Trejo-Casas") was arrested on December 19, 2009 in Greenville, South Carolina. On February 9, 2010, a five-count indictment was filed in the District Court of the United States for the District of South Carolina, which named Trejo-Casas as well as his co-defendant, Ivan Lagunas-Munoz. D.E. 15.

Trejo-Casas made an initial appearance on February 25, 2010 before the District Court in Greenville, South Carolina. D.E. 23. At that time, Trejo-Casas entered a not guilty plea. *Id.*

Eventually, Trejo-Casas pled guilty to Counts One and Three of the five-count indictment on April 14, 2010. D.E. 28, 32 & 81. This was followed by a sentencing hearing before Judge Henry Floyd on September 10, 2010. D.E. 40 & 86. Judgment from the sentencing hearing was initially entered against Trejo-Casas on September 17, 2010. D.E. 43. Trejo-Casas was sentenced to a term of one hundred and twenty (120) months, consisting of sixty (60) months as to Count 1 and sixty (60) months consecutive as to Count 3; special assessment of $100 as

to Counts 1 and 2 for a total of $200; and supervised release for a total term of five (5) years. D.E. 43.

Trejo-Casas filed a motion to vacate his conviction and sentence on September 1, 2011. D.E. 74. On May 15, 2014, the district court granted Appellant's motion and vacated Trejo-Casas's sentence of conviction and immediately reinstated and re-imposed his conviction as of May 15, 2014. D.E. 126. Trejo-Casas filed a timely notice of appeal on May 30, 2014. D.E. 130.

## STATEMENT OF THE FACTS

According to the factual findings the court adopted from the PSR, a confidential informant contacted Appellant's co-defendant, Lagunas-Munoz, about possibly selling illegal drugs. PSR ¶ 11. Lagunas-Munoz advised the informant that he had cocaine and arranged a meeting with the confidential informant at the Jockey Lot in Greenville, South Carolina. *Id.* ¶ 12. Greenville County Sheriff's Deputies placed a covert monitoring device on the confidential informant and established surveillance in the Jockey Lot parking area. *Id.*, at ¶ 13. Lagunas-Munoz subsequently arrived at the Jockey Lot with Trejo-Casas in his vehicle. *Id.*, at ¶ 15. The informant met with the co-defendants and Trejo-Casas was later observed retrieving a brick-like item from the rear of the vehicle and placing it into the back seat area of the vehicle. *Id.*, at ¶ 12. After the informant was clear of the vehicle, law enforcement approached the vehicle and placed Trejo-Casas and

3

Lagunas-Munoz into custody. *Id.*, at ¶ 17. A search of the vehicle revealed the one-kilogram brick of cocaine in the back seat of the vehicle along with a Taurus .45 caliber handgun located in the rear of the vehicle. *Id.*, at ¶ 18. The trial court adopted these findings of fact during the sentencing hearing without any objection from counsel either for the government or the Appellant.

On April 14, 2010, before Judge Henry F. Floyd in the United States District Court for the District of Maryland, a Rule 11 Proceeding was held as to the charges pending against Trejo-Casas in the Indictment. D.E. 81 (Plea Hearing). A translator was present and sworn to assist Trejo-Casas in understanding the proceedings. *Id.*, at 9.

Judge Floyd opened the proceedings noting that the purpose of the hearing was so that Trejo-Casas could change his plea from not guilty to guilty. *Id.*, at 4. Judge Floyd then asked Trejo-Casas if he understood he was under oath and inquired as to whether he was competent to understand the nature of the proceedings and not under the influence of drugs or alcohol. *Id.*, 5-8. The district court next asked Trejo-Casas if he was satisfied with his attorney's representation and if there was anything else he would like his attorney to do. *Id.*, at 10-11.

The district court then explained that, as a consequence of his plea, Trejo-Casas would lose certain constitutional privileges. *Id.*, at 12-20. Trejo-Casas told the district court that he understood these consequences of his guilty plea. *Id.*

4

Trejo-Casas was specifically advised that he would face deportation as a result of his plea and acknowledged that he understood this consequence. *Id.*, at 19. Judge Floyd next asked Trejo-Casas whether he had an opportunity to review the contents of the indictment and to discuss and be advised on the matter by his attorney. *Id.,* at 20-21. The Appellant answered affirmatively. *Id.*

The district court continued by explaining the charges to which Trejo-Casas was pleading as well as the elements of Counts One and Three – the offenses to which Trejo-Casas was pleading guilty. *Id.,* at 30-33. Appellant responded that he understood the nature of the charges against him. The Government then explained the facts to which Trejo-Casas agreed as to each Count. *Id.*, at 33-35. Finally, the district court asked Trejo-Casas if he agreed with the facts as listed in the government's recitation of the facts. *Id.,* at 34-35. Trejo-Casas answered affirmatively. *Id.*

Following this exchange, the district court explained the process of supervised release and the process of determining a sentence. *Id.,* at 35-36 & 41. The court also explained the consecutive nature of the prison sentence under Count Three. Specifically, the court explained that, under Count Three of the Indictment, the term of imprisonment must run consecutively to any other term of imprisonment imposed. *Id.,* at 35.

5

Also during the Rule 11 hearing, the district court asked Trejo-Casas if anyone made threats or promises to him. *Id.,* at 41-44. The district court further asked whether anyone attempted to force Trejo-Casas to plead guilty against his wishes. Trejo-Casas answered both of these questions negatively. *Id.,* at 41-44. At the conclusion of the Rule 11 hearing, the district court found that Trejo-Casas was fully competent and capable of entering an informed plea, and that his plea was knowing and voluntary. *Id.,* at 47. The court also found that Trejo-Casas's plea was supported by an independent basis in fact containing each of the essential elements of the offense. *Id.*

The district court subsequently conducted a sentencing hearing on September 10, 2010. D.E. 40. The presentence report (PSR) submitted to the district court stated that the maximum statutory term of imprisonment for Count One was forty (40) years with a statutory minimum of five (5) years. For Count Three, the Section 924(c) count, the PSR stated that the statutory term was a minimum of five (5) years and a maximum of life imprisonment. PSR, at 1.

At the sentencing hearing, the district court accepted the PSR's guidelines calculations, with no objection from the United States or the Defendant. The district court then imposed a 60-month sentence for Count One and a 60-month consecutive sentence for Count Three. D.E. 43. It is from this sentence of conviction that Trejo-Casas now appeals.

6

## SUMMARY OF ARGUMENTS

Appellant is submitting this brief to the Court pursuant to the decision in *Anders v. California*, 386 U.S. 738 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429 (1988), and *Penson v. Ohio*, 488 U.S. 75 (1988). Undersigned counsel has determined, after a careful examination of the record in this case, that Appellant has no meritorious grounds for direct appeal. Nonetheless, this brief is submitted to fulfill the Appellant's desire to pursue an appeal from his conviction and sentence, and, therefore, undersigned counsel has set forth below two issues for the Court's consideration. A copy of this brief has been read to Appellant by a Spanish interpreter. He will also be informed of his right to file a *pro se* supplemental brief raising any additional issues within a reasonable time.

**ARGUMENT 1:** A review of the record indicates the district court fully complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure when the court accepted Trejo-Casas's guilty plea.

**ARGUMENT 2:** A review of the record does not indicate whether Appellant's counsel informed him correctly that his plea of guilty might lead to his deportation

## ARGUMENTS

## STANDARD OF REVIEW

Generally, the standard of review as to whether the district court adequately complied with Rule 11 of the Federal Rules of Criminal Procedure is <u>de novo</u>.

7

*United States v. Good*, 25 F.3d 218, 219 (4th Cir. 1994). Rule 11 provides that "a variance from the requirements of this rule is harmless error if it does not affect substantial rights. In the absence of an attempt to withdraw a defendant's guilty plea, Rule 11 violations are reviewed for plain error. *United States v. Martinez*, 277 F.3d 517 (4th Cir. 2002). To meet the plain error standard, Appellant must show: (1) that there was error; (2) that it was plain; and (3) that it affected his substantial rights. *United States v. Olano*, 597 U.S. 725, 732 (1993).

## I.  DID THE DISTRICT COURT FULLY COMPLY WITH THE REQUIREMENTS OF RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE WHEN THE COURT ACCEPTED TREJO-CASAS'S GUILTY PLEA?

Rule 11(b)(1) of the Federal Rules of Criminal Procedure requires that, before accepting a plea of guilty, the court must address each defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

(B) the right to plead not guilty, or having already so pleaded, to persist in that plea;

8

- (C) the right to a jury trial;

- (D) the right to be represented by counsel – and, if necessary, have the court appoint counsel – at trial and at every other stage of the proceeding;

- (E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

- (F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

- (G) the nature of each charge to which the defendant is pleading;

- (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

- (I) any mandatory minimum penalty;

- (J) any applicable forfeiture;

- (K) the court's authority to order restitution;

- (L) the court's obligation to impose a special assessment;

- (M) the court's obligation to apply the Sentencing Guidelines, and the court's discretion to depart from those guidelines under some circumstances; and

- (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Rule 11(b)(2) requires that the court determine the plea is voluntary and that the plea "did not result from force, threats, or promises other than promises in a plea-agreement."

9

Rule 11(b)(3) requires that the court determine that there is a factual basis for the plea before entering judgment.

Rule 11(c)(2) requires the parties to disclose the plea agreement in open court when the plea is offered unless the court for good cause allows the parties to disclose the plea agreement in camera.

Rule 11(c)(3)(B) requires that, to the extent a defendant's plea-agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.

During the Rule 11 proceeding in this case, the court placed Mr. Trejo-Casas under oath and informed him that any statement he gave under oath could be used against him as required by Rule 11. D.E. 81 (Plea Transcript), at 5.

The court informed Mr. Trejo-Casas of the right to plead not guilty, the right to have a jury trial, and the right to be represented by counsel. *Id.,* at 9-16.

The court also informed Mr. Trejo-Casas of the rights associated with having a trial such as the right to confront and cross-examine adverse witnesses, to testify and present evidence, to compel the attendance of witnesses. *Id.*, at 13-16.

The court ensured that Mr. Trejo-Casas understood he would be waiving the right to a jury trial and all of the rights associated with a jury trial if the court accepted his guilty plea. *Id.,* at 12-15.

10

The court informed Mr. Trejo-Casas of the nature of the charges to which he was pleading guilty. *Id.*, at 30-33. The court informed Mr. Trejo-Casas of the maximum possible penalty of imprisonment, fine and supervised release. *Id.,* at 30-33, 41. The court further informed Mr. Trejo-Casas of the court's obligation to apply the Sentencing Guidelines, and the court's discretion to depart from the guidelines in some circumstances. *Id.*, at 38.

The court reviewed the maximum penalties and the mandatory minimum sentence for the offense to which Mr. Trejo-Casas entered his plea, including the special assessment. *Id.*, at 30-33.

The court advised Mr. Trejo-Cassa that he would face deportation as a result of his conviction. *Id.*, at 19.

Before entering judgment, the court determined that there was a factual basis for the plea. *Id.*, at 47.

The court determined that Mr. Trejo-Casas's guilty plea was knowingly, voluntarily, and intelligently made with full knowledge of all the consequences that could result from the plea, and did not result from force, threats or promises. *Id.*, at 41-47.

Rules 11(b)(1)(J), 11(b)(1)(K), 11(c)(2), and 11(c)(3)(B) were not applicable in this case.

11

It therefore appears that the district court fully complied with Rule 11 when the court accepted Mr. Trejo-Casas's guilty plea.

## II. WAS TREJO-CASAS DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL ON HIS RISK OF DEPORTATION?

In *Padilla v. Kentucky*, the United States Supreme Court held that the Sixth Amendment guarantees a non-citizen accused of a crime and prior to pleading guilty, the right to have counsel inform him "whether his plea carries a risk of deportation." *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).

The record does not indicate whether Appellant's counsel informed him correctly that his plea of guilty might lead to his deportation. The record does indicate, however, that as part of the plea colloquy, Judge Floyd admonished Trejo-Casas that he "would also be subject to deportation." D.E. 81, at 19. When subsequently asked by Judge Floyd if he understood that he would be losing certain civil rights, "including deportation", Trejo-Casas indicated that he understood. D.E. 81, at 19.

Given the facts that were articulated on the record of this case, including Judge Floyd's plea colloquy with Appellant wherein the Judge appropriately admonished the Appellant that if his plea was accepted he might be "deprived of valuable civil rights" and "subject to deportation", *Id.*, undersigned counsel does

12

not believe that a non-frivolous argument can be made to this Court, particularly on direct appeal, that there was a violation of Appellant's right to counsel under *Padilla v. Kentucky*. *See, e.g., Lafler v. Cooper,* 132 S. Ct. 1376, 1381, 182 L. Ed. 2d 398 (2012)*; United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995); *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc); *but see United States v. Akinsade*, 686 F.3d 248 (4th Cir. 2012). Therefore, Appellant respectfully requests this Court consider whether his constitutional rights were violated on this issue or, in the alternative, for this issue to be addressed in any Section 2255 motion that may be filed at a later date.

## CONCLUSION

In accordance with the requirements of the decision of the United States Supreme Court in *Anders v. California*, 386 U.S. 738 (1967), appointed counsel for Trejo-Casas has reviewed both the facts and legal issues in this case. It is counsel's opinion that there are no legal issues that were not properly raised or disposed of by the trial court and that there are no grounds for an appeal in this case to the Court of Appeals. A copy of the brief has been served on Trejo-Casas.

                                              s/Hannah Rogers Metcalfe
                                              Hannah Rogers Metcalfe, Fed. I.D. #9943
                                              Metcalfe & Atkinson, LLC
                                              9 Toy Street (29601)
                                              P.O. Box 1826
                                              Greenville, SC 29602
                                              864.214-2319
                                              864.214-3067 (fax)
                                              hmetcalfe@malawfirmsc.com

                                              **ATTORNEY FOR APPELLANT**

September 2, 2014
Greenville, South Carolina

14

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. <u>14-4437</u>    Caption: <u>United States of America v. Oswaldo Trejo-Casas</u>

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✓]  this brief contains <u>   2821   </u> [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]  this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✓]  this brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word 2010</u> [*identify word processing program*] in <u>Times New Roman 14</u> [*identify font size and type style*]; **or**

   [ ]  this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) <u>Hannah Rogers Metcalfe</u>

Attorney for <u>Appellant</u>

Dated: <u>9/2/2014</u>

# CERTIFICATE OF SERVICE

I certify that on  9/2/2014  the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

OFFICE OF THE UNITED STATES ATTORNEY
Andrew Burke Moorman
55 Beattie Place Suite 700
Greenville SC 29601
864-282-2140
andrew.moorman@usdoj.gov

Hannah R. Metcalfe                                                   9/2/2014
_____                         _____
Signature                                                                       Date